**UNITED STATES of America,**

v.

**Carl MORGAN, Jr., Luke J. Kusek, and Hom Gurung, Defendants.**

**No. S 86 Cr. 83 (SWK).**

United States District Court, S.D. New York.

Oct. 30, 1986.

See also, D.C., 647 F.Supp. 1150.

and February 23, 1984. Although Morgan has pleaded guilty, defendant Luke J. Kusek joins in this motion insofar as the intercepted conversations are with him. Morgan argues that the judicial sealing of the tapes eight days after the order expired violated 18 U.S.C. § 2518(8)(a). Morgan also argues that all normal investigative techniques were not exhausted prior to receiving authorization for the wiretap, in violation of 18 U.S.C. § 2518(3)(c).[1] The Court held a hearing only on the issue of sealing, at which it heard testimony from Delaware State Police Officer Carl Kent and Deputy Delaware State Attorney General Timothy Barons, who were responsible for the Morgan investigation and wiretap.[2]

## DELAY IN SEALING THE TAPES

The federal statute governing wiretap procedure requires that "[i]mmediately upon the expiration of the period of the [wiretap] order, ... such recordings shall be made available to the judge issuing such order and sealed under his directions". 18 U.S.C. § 2518(8)(a). This section further provides that "[the] presence of the seal ..., or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire or oral communication ...". A satisfactory explanation is required not only for the total failure to seal the tapes, but for failure to seal the tapes immediately as well. *United States v. Gigante,* 538 F.2d 502, 507 (2d Cir.1976). Any delay beyond one or two days requires an explanation. *United States v. Vazquez,* 605 F.2d 1269, 1278 (2d Cir.), *cert. denied,* 444 U.S. 981, 100 S.Ct. 484, 62 L.Ed.2d 408 (1979) and

Rudolph W. Giuliani, U.S. Atty. by Robert L. Folks, New York City, for U.S.

Silber and Rubin by Merrill N. Rubin, Mark Gombiner, New York City, for defendant, Carl Morgan, Jr.

KRAM, District Judge.

Presently before the Court is defendant Carl Morgan's motion to suppress any recordings of electronic interpretations of his telephone calls made between February 13

---

1. The wiretap was authorized by a state court judge in Delaware pursuant to an investigation of Carl Morgan then being conducted by the Delaware State Police. Morgan also argues that the sealing delay and the failure to exhaust investigative techniques violated the Delaware wiretap statute. A Delaware state court has already ruled that the wiretap was legal under Delaware law. *See* Government Exhibit 4. This Court will abide by the ruling of the Delaware court as to the legality of the wiretap under Delaware law. Nevertheless, since the admissi-

bility of evidence in a federal criminal prosecution is governed by federal law, *United States v. Spadaccino,* 800 F.2d 292, 296 (2d Cir.1986), the Court will examine the admissibility of the wiretap evidence under federal law.

2. The Court did not hold a hearing on the issue of whether all normal investigative techniques had been exhausted prior to receiving authorization for the wiretap. Morgan did not proffer any evidence to create an issue of fact.

444 U.S. 1019, 100 S.Ct. 674, 62 L.Ed.2d 649 (1980).

On February 10, 1983, the Honorable John T. Walsh of the Superior Court of Delaware issued an order authorizing the wiretap of three telephone numbers the police believed Morgan used in negotiating drug transactions. The wiretap was to commence on February 13, 1983 and continue until its objective was attained or thirty days elapsed. The wiretap commenced on February 13, 1983, and was terminated on February 23, 1983, when Morgan was arrested. The tapes were sealed by Judge Walsh on March 2, 1983, a delay of eight days following the termination of the wiretap.[3]

The Government offered the following explanation for the delay. The wiretaps were closed at 7:00 a.m. on Thursday, February 23, 1983. Deputy Attorney General Barons was aware that Delaware law required that the tapes be sealed immediately. Furthermore, pursuant to Delaware law, Judge Walsh is designated as the only judge who supervises wiretap investigations, and thus the only judge who could have sealed the tapes. Finally, Barons wanted Officer Kent, who was in charge of the investigation and in control of the tapes, and Detective John Capuano, who had been in charge of the wiretapping, to attend the sealing. On February 23, however, Capuano had to dismantle the wiretap. Kent had arrested Morgan late the night before and on Thursday morning was still processing the arrest, and the material they seized in executing a search warrant against Morgan's residence and business. Judge Walsh's chambers were approximately twenty miles from Officer Kent's office. Thus, Barons did not ask Kent or Capuano to attend the sealing conference until the following week. On Monday of that week, Barons was busy with other trials, so he did not attempt to make an appointment with Judge Walsh to have the tapes sealed. On Tuesday, Barons contacted Judge Walsh's chambers, and received an appointment for Friday of that week.

The Court finds that the Government's explanation for the delay in sealing the tapes is satisfactory. A three-day delay due to the unavailability of the only Delaware judge authorized to seal the tapes is wholly justified. *See United States v. Fury*, 554 F.2d 522, 533 (2d Cir.), *cert. denied*, 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977) and 436 U.S. 931, 98 S.Ct. 2831, 56 L.Ed.2d 776 (1978); *United States v. Aloi*, 449 F.Supp. 698, 727 (E.D.N.Y.1977). *But see Vazquez, supra*, 605 F.2d at 1280, n. 25 (2d Cir.1979) (delay attributed to absence of sealing judge was ruled unsatisfactory because another judge could have sealed the tapes).

Although Deputy Attorney General Barons' busy schedule caused a one-day delay in his contacting Judge Walsh's chambers, there was no evidence that he could have seen Judge Walsh earlier if he had contacted him a day earlier. Furthermore, while delay caused by a busy schedule alone is not necessarily justified, *see United States v. Ramirez*, 602 F.Supp. 783, 792 (S.D.N.Y. 1985), the delay here of only one day, due to trial preparations, and not the result of any intent to evade the statutory sealing requirements, is justifiable. *See United States v. Scafidi*, 564 F.2d 633, 641 (2d Cir.1977), *cert. denied*, 436 U.S. 903, 98 S.Ct. 2231, 56 L.Ed.2d 400 (1978).

Finally, the short delay due to the fact that Kent and Capuano, the only two police officers qualified to attend the sealing, were busy with Morgan's arrest and physically unable to attend the sealing in another city, is also justified. *See generally United States v. Massino*, 784 F.2d 153, 156–158 (2d Cir.1986). Finally, Morgan did not claim the tapes were tampered with or

---

**3.** The facts of this case do not present the difficult question of whether sealing delays must be calculated from the expiration date of the order or the date its objective is achieved. *See United States v. Badalamenti*, 794 F.2d 821 (2d Cir. 1986). The wiretap terminated when Morgan was arrested. Thus, there is no question that its objective was achieved on February 23, 1984, and that the wiretap would not recommence. The Government does not ask that the delay be calculated from the expiration date of the order.

that he was otherwise prejudiced by the delay. *See United States v. Poeta,* 455 F.2d 117, 122 (2d Cir.), *cert. denied,* 406 U.S. 948, 92 S.Ct. 2041, 32 L.Ed.2d 337 (1972); *Aloi, supra,* 449 F.Supp. at 727. *But see Gigante,* 538 F.2d 502 (lack of evidence of tampering or prejudice caused by delay is not alone a satisfactory explanation for delay). The testimony indicates that the tapes were secure in Officer Kent's office during the entire eight days.

## EXHAUSTION OF INVESTIGATIVE TECHNIQUES

A judge can issue an order authorizing a wiretap only when "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous ...". 18 U.S.C. § 2518(3)(c). The affidavit in support of the request for a wiretap must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous". 18 U.S.C. § 2518(1)(c). The affidavit in support of the wiretap indicates the following: The three police officers conducting the investigation of Morgan and seeking the wiretap order were experienced officers who had been involved in hundreds of drug investigations. They conducted a five month investigation of Morgan's alleged drug dealings prior to seeking the wiretap. As part of the investigation, the officers used three confidential informants to gather information and infiltrated Morgan's alleged drug distribution ring. However, the informants' numerous efforts at dealing directly with Carl Morgan failed, as Morgan consistently refused to meet with any new customers. The informants also refused to testify against Morgan, fearing for their physical safety. This fear was well founded, as one of Morgan's confederates had threatened an informant with death if any drug deal in which the informant was involved went bad, and because during the investigation, a suspected Morgan confederate, who allegedly owed Morgan money, was found murdered.

The affidavits also indicated that although the police conducted surveillance of Morgan, he consistently engaged in countersurveillance techniques. For example, it was very difficult for police officers to follow Morgan. Furthermore, the police could not surveil Morgan's house, as he lived in a residential neighborhood and neighbors would be suspicious. Finally, the officers had engaged in extensive and thorough toll call analyses of the telephones Morgan allegedly used to conduct drug negotiations. The Court finds that the police exhausted all normal investigative techniques prior to receiving authorization for the wiretap. *See United States v. Puglisi,* 790 F.2d 240 (2d Cir.1986).

Defendants' motion to suppress the tapes is denied.

SO ORDERED.